BEALL & BURKHARDT
WILLIAM C. BEALL, STATE BAR NO. 97100
ERIC W. BURKHARDT, STATE BAR NO. 132812
1114 STATE STREET
LA ARCADA BUILDING, SUITE 200
SANTA BARBARA, CALIFORNIA, 93101
(805) 966-6774, FAX (805) 963-5988

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re                                       ) Bk. No. 9:08-bk-13277-RR
                                            ) Chapter 11
Map Link, Inc.,                             )
                                            ) **CHAPTER 11 PLAN AS MODIFIED**
                       Debtor.              )
_____)

**Disclosure Statement Hearing**

Date:  April 14, 2010
Time:  11:00 a.m.
Place: 1415 State Street
       Courtroom 201
       Santa Barbara, CA 93101

**Plan Confirmation Hearing**
See Disclosure Statement for Voting and
Objecting Procedures

Date:  July 14, 2010
Time:  11:00 a.m.
Place: 1415 State Street
       Courtroom 201
       Santa Barbara, CA 93101

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ................ 1
   A. General Overview ...................................................................................................... 1
   B. Unclassified Claims ................................................................................................... 1
       1. Administrative Expenses ................................................................................. 2
       2. Priority Tax Claims ......................................................................................... 2
   C. Classified Claims and Interests ................................................................................. 3
       1. Class of Secured Claims .................................................................................. 3
       2. Classes of Priority Unsecured Claims ............................................................. 4
       3. Class of General Unsecured Claims ................................................................ 5
       4. Class(es) of Interest Holders ........................................................................... 5
   D. Means of Performing the Plan ................................................................................... 6
       1. Funding for the Plan ........................................................................................ 6
       2. Post-Confirmation Management ..................................................................... 6
       3. Disbursing Agent ............................................................................................. 6

III. TREATMENT OF MISCELLANEOUS ITEMS ........................................................... 6
   A. Executory Contracts and Unexpired Leases .............................................................. 6
       1. Assumptions .................................................................................................... 6
       2. Rejections ........................................................................................................ 7
   B. Changes in Rates Subject to Regulatory Commission Approval .............................. 7
   C. Retention of Jurisdiction ............................................................................................ 7

IV. EFFECT OF CONFIRMATION OF PLAN ................................................................... 7
   A. Discharge ................................................................................................................... 7
   B. Revesting of Property in the Debtor .......................................................................... 7
   C. Modification of Plan .................................................................................................. 7
   D. Post-Confirmation Status Report ............................................................................... 8
   E. Post-Confirmation Conversion/Dismissal ................................................................. 8
   F. Final Decree ............................................................................................................... 8

EXHIBIT A – Unexpired Leases to be Assumed ..................................................................... 9

# I

# INTRODUCTION

Map Link is the Debtor in a Chapter 11 bankruptcy case. On December 11, 2008, Map Link commenced a bankruptcy case by filing its Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U..C. §101 et. seq. This document is the Chapter 11 Plan ("Plan") proposed by Map Link ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the court, and which is provided to help you understand the Plan.

This is an operating plan. In other words, the Proponent seeks to accomplish payments under the Plan by operating its business. The Effective Date of the proposed Plan is 30 days after Entry of the Order confirming this Plan.

# II

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.    **General Overview.**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**Unclassified Claims.**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such the Proponent has **not** placed the following claims in a class. The treatment of these claims is provided below.

1. **Administrative Expenses.**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code §507(a)(1). The Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists **all** of the Debtor's §507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| Beall & Burkhardt | $45,000 (est) | Paid in full on Effective Date Date or per the terms of an agreement to be entered into between the Debtor and claimant. |
| McGowan Guntermann | $5,000 (est) | Paid in full on Effective Date Date or per the terms of an agreement to be entered into between the Debtor and claimant. |
| Clerk's Office Fees | minimal | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | None currently owing | Paid in full on Effective Date |
| Accounts Payables Vendors | Fluctuates | To be Paid in the Ordinary Course of Business |
| **TOTAL** | | |

Court Approval of Fees Required:

The court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

2. **Priority Tax Claims.**

Priority tax claims are certain unsecured income, employment and other taxes described by Code §507(a)(8). The Code requires that each holder of such a §507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax. The Debtor does not believe any priority tax claims exist in this case.

C.  **Classified Claims and Interests.**

1.  **Classes of Secured Claims.**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan.

| Class # | Description | | Insiders (Y/N) | Impaired (Y/N) | Treatment | |
|---|---|---|---|---|---|---|
| 1 | Secured Claim of: | Rabobank | NO | YES | Initial Payment amount/ interval: | $15,000 principal per month through July 2012 plus monthly interest at the note non-default rate |
| | Collateral description | Inventory, Accounts Receivables, bank accounts | | | Increased Payment amount/interval: | $25,000 principal per month from August 2012 through June 2013 plus monthly interest at the note non-default rate |
| | Collateral value: | $1,250,690 | | | Balloon payment: | $350,000 on or before June 30, 2013 |
| | Priority of security int.: | 1st | | | Begin date: | Payments of $15,000 per month principal have been made from case inception plus an additional principal pay down of $120,000 for a total principal reduction of $370,000 through April 2010 |
| | Interest rate: | Non-Default Note Rate | | | End date: | June 2013 |
| | Principal owed: | $1,015,000 | | | Total payout | 100% |

3

| | | | |
|---|---|---|---|
| Pre-pet. arrearage amt: | None currently owed above principal | Treatment of Lien: | Rabobank shall receive a replacement lien on all Inventory, Accounts Receivables, bank accounts |
| Post-pet. arrearage amt: | None currently owed above principal | | Other terms: Map Link has agreed not to sell or encumber its interest in Benchmark Maps, LLC, without Rabobank's consent or payment in full; Rabobank shall not receive any pre or post-petition default interest, late charges or legal fees; If Map Link's quarterly income exceeds its budget projections by more than 10%, 50% of the excess amount above 10% shall be paid to Rabobank toward principal (reducing the final balloon payment amount) unless Map Link's income in any of the prior three quarters was more than 10% below projections, in which case the 10% trigger shall be increased by such prior shortfall; Map Link shall provide Rabobank with quarterly financial reports |
| Total claim amount: | $1,015,000 | | |

2.  **Class of Priority Unsecured Claims**.

Certain priority claims that are referred to in Code §507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

4

The following chart lists all classes containing Debtor's §507(a)(3), (4), (5), (6), and (7) priority unsecured claims and their treatment under this Plan.

| Class # | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 2 | Priority unsecured claim pursuant to Section 507(a)(4) vacation claims  Total amount of claims:    $45,000 | Yes | Paid in 4 equal quarterly installments beginning September 2011 and ending June 2012 |

3.   **Class of General Unsecured Claims.**

General unsecured claims are unsecured claims not entitled to priority under Code §507(a). The following chart identifies this Plan's treatment of the class containing **all** of Debtor's general unsecured claims:

| Class # | Description | Impaired (Y/N) | Treatment | |
|---|---|---|---|---|
| 3 | General unsecured claims  Total amount of claims Approximately $1,900,000 | YES | Payment interval: | Semi-Annually beginning September 2010 |
| | | | Payment amount/interval: | The following payments shall be distributed on a pro-rata basis to all unsecured creditors: Sep 2010 - $10,000 Mar 2011 - $20,000 Sep 2011 - $40,000 Mar 2012 - $40,000 Sep 2012 - $50,000 Mar 2013 - $50,000 Sep 2013 - $60,000 Mar 2014 - $60,000 Sep 2014 - $50,000 (or the amount necessary to result in a total 20% payout) |
| | | | Begin date: | September 2010 |
| | | | End date: | September 2014 |
| | | | Interest rate: | None |
| | | | Total payout 20%: | Approximately $380,000 |

4.   **Class(es) of Interest Holders.**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor

5

are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies this Plan's treatment of the class of interest holders:

| Class # | Description | Impaired (Y/N) | Treatment |
|---|---|---|---|
| 4 | Interest holders | NO | Retain their stock subject to the plan obligations |

D.  **Means of Performing the Plan.**

1.  **Funding for the Plan.**

The Plan will be funded by the following: Regular business operations and, if necessary to fund the June 2013 balloon payment to Rabobank, a new loan secured by the inventory, accounts and accounts receivables.

2.  **Post-Confirmation Management.**

Post confirmation management will remain the same as pre confirmation management.

3.  **Disbursing Agent.**

Bill Hunt, the Debtor's President, shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan. The Debtor's professionals may continue to represent the Debtor. All professional services through final decree shall be subject to the fee application process.

III

TREATMENT OF MISCELLANEOUS ITEMS

A.  **Executory Contracts and Unexpired Leases.**

1.  **Assumptions.**

The only unexpired leases to be assumed as obligations of the reorganized Debtor under this Plan is the Lease for the debtor's business space, as modified pursuant to agreement with the landlord, which runs through November 2010. On the Effective Date, such unexpired lease shall be assumed as an obligation of the reorganized Debtor. The Order of the Court

confirming the Plan shall constitute an Order approving the assumption of such lease. If you are a party to the lease to be assumed and you object to the assumption of your lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Section [I.B.3.] of the Disclosure Statement describing this Plan for the specific date.

### 2. Rejections.

On the Effective Date, the following executory contracts and unexpired leases will be rejected: The Debtor is not aware of any executory contracts or unexpired lease other than the lease for its business space addressed in Section A.1 above.

### B. Changes in Rates Subject to Regulatory Commission Approval.

This Debtor is not subject to the governmental regulatory commission approval of its rates.

### C. Retention of Jurisdiction.

The court will retain jurisdiction to the extent provided by law.

## IV

## EFFECT OF CONFIRMATION OF PLAN

### A. Discharge.

This Plan provides that upon substantial consummation of the Plan and entry of a final decree, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. §1141. However, any liability imposed by the Plan will **not** be discharged.

### B. Revesting of Property in the Debtor.

Except as provided in Section [IV.E.], and except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate in the Debtor.

### C. Modification of the Plan.

The Proponent of the Plan may modify the Plan at any time before confirmation. However. the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the Plan before confirmation.

1 | The Proponent of the Plan may also seek to modify the Plan at any time after confirmation
2 | so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the
3 | proposed modifications after notice and a hearing.

4 |     D.    **Post-Confirmation Status Report.**

5 | Within 120 days of the entry of the order confirming the Plan. Plan Proponent shall file a
6 | status report within the court explaining what progress has been made toward consummation of the
7 | confirmed Plan. The Status Report shall be served on the United States Trustee, the twenty largest
8 | unsecured creditors, and those parties who have requested special notice. Further status reports
9 | shall be filed every 120 days and served on the same entities.

10 |     E.    **Post-Confirmation Conversion/Dismissal.**

11 | A creditor or party in interest may bring a motion to convert or dismiss the case under
12 | §1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court
13 | orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been
14 | property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest
15 | in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only
16 | to the extent that relief from stay was not previously granted by the Court during this case.

17 |     F.    **Final Decree.**

18 | Once the Plan has been substantially consumated, the Plan Proponent, or other party as the
19 | Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a
20 | final decree to close the case.

Dated: ~~April~~ May 3, 2010

BEALL & BURKHARDT

By: _____
Eric W. Burkhardt, Attorneys for Debtor/
Plan Proponent, Map Link, Inc.

8

# EXHIBIT A

## UNEXPIRED LEASES TO BE ASSUMED

Debtor is currently in a lease with La Patera Investors, LP for the rental of warehouse premises located at 30 South La Patera Lane, #5, Santa Barbara, CA 93117 to continue through the lease term ending November 30, 2010.